IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LOUIS G. GALLOWAY, Sr.,**

        **Plaintiff,**

    **v.**                  **CASE NO.  11-3153-SAC**

**(fnu) Fernando,
et al.,**

        **Defendants.**

**O R D E R**

    This civil complaint was filed by an inmate of the Larned Correctional Mental Facility, Larned, Kansas (LCMF).  Plaintiff has also filed a motion for leave to proceed in forma pauperis (IFP) and a motion for appointment of counsel.  Plaintiff alleges that he is being forced to receive psychotropic drugs against his will after a "forced involuntarily medication hearing" in which he allegedly was denied due process.  He seeks money damages and an order "telling these people to stop it."  Having considered the complaint, the IFP motion, and three Supplements submitted by plaintiff containing over 200 pages, the court finds as follows.

    Section 1915(g) of 28 U.S.C. provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. In Galloway v. Hadl, 07-3016-EFM (D.Kan. Sept. 1, 2009) the court, in denying Mr. Galloway's motion for leave to appeal in forma pauperis, found as follows:

> Having reviewed plaintiff's litigation history in the District of Kansas, the court finds plaintiff has acquired at least three "strikes" prior to filing his notice of appeal in the instant case, and thus is subject to the "3-strike" provision in 28 U.S.C. § 1915(g).  Because plaintiff does not allege, and the record on its face does not suggest, the "danger of imminent harm" exception in 28 U.S.C. § 1915(g) is satisfied in this case, the court denies plaintiff's motion for leave to proceed in forma pauperis on appeal.

The court cited the following prior occasions: <u>Galloway v. Lawrence Journal World</u>, 10th Cir. Appeal No. 07-3111 (appeal dismissed as frivolous)(November 29, 2007); <u>Galloway v. Lawrence Journal World</u>, Case No. 07-3045-SAC (complaint dismissed as stating no claim for relief)(April 6, 2007); <u>Galloway v. Nye</u>, Case No. 95-3410-GTV (complaint dismissed as stating no claim for relief)(1995); <u>see</u> <u>also</u> <u>Green v. Nottingham</u>, 90 F.3d 415, 418 (10th Cir. 1996)("3-strike" provision in § 1915(g) applies to pre-PLRA actions dismissed as malicious or frivolous).  Mr. Galloway has thus been established as a three-strikes litigant under § 1915(g).  He is therefore required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury."  28 U.S.C. 1915(g); <u>Jennings v. Natrona County Detention Center</u>, 175 F.3d 775, 778 (10th Cir. 1999).

Plaintiff does not allege facts in connection with his motion to proceed IFP that show he is entitled to proceed IFP.  None of the facts alleged by plaintiff in his complaint and supplements suggest that he is in imminent danger of serious physical injury.  His allegations that he is being required to take psychotropic medication pursuant to a hearing, taken as true, do not establish that he is in imminent danger of serious physical injury.  Accordingly, Mr. Galloway may proceed in this action only if he pays

2

the filing fee of $350.00 for filing a civil complaint.

Plaintiff is not entitled to appointment of counsel in a civil action, and counsel is not warranted in this case as it is subject to being dismissed.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's application for leave to proceed in forma pauperis (Doc. 2) is denied; he is granted twenty (20) days in which to submit the $350.00 filing fee; and failure to pay the full filing fee within that time will result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 4) is denied.

**IT IS SO ORDERED**.

Dated this 12th day of September, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge